IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERARD DAVIS | ) CASE NO. 1:10CV1223 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| WILLIAM D. MASON, et al. | ) <u>MEMORANDUM OF OPINION</u> |
| | ) <u>AND ORDER</u> |
| Defendants. | ) |

Plaintiff *pro se* Gerard Davis ("Davis") brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants William D. Mason ("Mason"), Cuyahoga County, Ohio Prosecutor and Gerald T. McFaul ("McFaul"), former Sheriff of Cuyahoga County. He alleges that Mason, as Cuyahoga County Prosecutor, implemented a new sex offender policy that violates due process and the Ex Post Facto Clause because it is applied retroactively. McFaul is allegedly responsible for overall supervision of the new policy. Plaintiff states that he was informed by McFaul that his registration as a sex offender has been changed from ten years to life which would impose severe and stringent registration and notification requirements vastly different from the sanctions imposed when he was convicted. He is now considered a Tier III offender.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the court finds that some of the claims asserted in this action satisfies these criterion.

Davis previously filed the exact case in this Court: in fact, word for word. *Davis v. Mason, et al*, Case No. 1:09CV2288. Judge Solomon Oliver, Jr dismissed the action pursuant to 28 U.S.C. §1915(a)(3) on December 31, 2009. Under the doctrine of *res judicata*, a claim is barred if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008); *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir.2002). The present case satisfies all elements of *res juidcata*.

Accordingly, Davis's Motion to Proceed In Forma Pauperis is granted. (ECF 2). This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: July 29, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE